Frank J. Kronenberg, J.
Petitioner has made application pursuant to CPLR article 78 for an order annulling and setting aside the determination of respondents that petitioner violated subdivision 1 of section 210 of the Civil Service Law.
Respondents have cross moved for a judgment dismissing the petition pursuant to CPLR 7804 (subd [f]) upon the grounds the proceeding cannot be maintained because it is time-barred by subdivision (a) of section 213 of the Civil Service Law.
Subdivision (a) of section 213 of the Civil Service Law provides that the review sought herein by petitioner must be "upon petition filed by an aggrieved party within thirty days after service by registered or certified mail with a copy of such order upon such party”.
The respondents, who are members of the Public Employment Relations Board, hereinafter referred to as PERB, mailed a copy of the decision and order by sending a true copy by certified mail to the petitioner’s attorney and to the president of the petitioner at the time of the hearing. The petitioner’s attorneys received their copy on April 30 or May 1, 1976. The copy mailed to the president of petitioner was unclaimed and therefore returned to PERB. After return of the unclaimed copy, PERB made inquiry of the college and ascertained that sometime after the close of the hearing and prior to the issuance of the decision, the then president was replaced by a new president and PERB thereafter served the decision and order on the new president on June 7, 1976.
Petitioner instituted this proceeding to review PERB’s decision and order by personally serving the notice of petition and petition on PERB on June 30,1976.
In accordance with Matter of New York State Public Employment Relations Bd. v Martin (78 Misc 2d 1072) the court finds that the service upon the attorneys for petitioner is also service upon the party. (Executive Law, § 168.)
The proceeding is time-barred. (Matter of New York State *655 Public Employment Relations Bd. v Board of Educ., 39 NY2d 86.)