Jones J.
We hold that judicial review, if any be desired, of the remedial provisions of an order issued by the Public Employment Relations Board following its determination that an employer has violated provisions of the Civil Service Law, must be sought, along with any review of the determinative provisions of the order, in accordance with the prescriptions of section 213 of that law.
Confronted with critical budgetary problems and prospective municipal economic distress, the Board of Education of the City of Buffalo sought to change the terms and conditions of employment of its tradesmen employees. With the objective of reducing payroll expenditures the Board of Education, refusing tq recognize the unions, negotiated with individual employees to change the method of payment of their compensation from a prevailing hourly wage to an annual salary. Such negotiations having failed, the board unilaterally adopted a resolution placing its skilled trade employees in graded civil service status and establishing specified wage grades with annual salaries (thereby effectively transferring such employees from their prior status as ungraded skilled tradesmen entitled to compensation at prevailing wage rates).
Charges were filed with the Public Employment Relations Board (PERB) by the Buffalo Building Trades Council of Board of Education Employees (the Building Trades proceeding) and by the District Council of Buffalo Epid Vicinity, United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the Carpenters proceeding). PERB determined that the Board of Education was guilty of improper employer practices under section 209-a of the Civil Service Law, finding in both proceedings a violation of that section’s paragraph (a) of subdivision 1 (interference with public employees in the exercise of their statutory rights for the purpose of depriving them of such rights) and finding additionally in the Building Trades pro *90 ceeding that the board was guilty of a violation as well of paragraph (d) (refusal to negotiate in good faith with the union as the duly certified representative of its members). PERB issued separate orders in the two proceedings incorporating its findings and determinations and, by way of affirmative remedial action, directed the Board of Education in each proceeding to cease and desist from the specified conduct and to restore the affected employees to their status quo ante and to pay them lost compensation with interest. In the Building Trades proceeding the Board of Education was also directed to negotiate in good faith with the union.
More than 30 days after service of copies of these orders on the Board of Education, PERB instituted the present single proceeding to enforce both orders. The Board of Education sought in such proceeding to challenge both determinative and remedial provisions of the PERB orders. Special Term, holding that the scope of its review of the PERB orders was unlimited, in both proceedings annulled the PERB determination that the Board of Education had violated section 209-a (subd 1, par [a]), i.e., that it had interfered with the exercise of employee rights, and struck the portions of the PERB orders directing restoration of the status quo ante with lost compensation. Special Term did direct the Board of Education to cease and desist from refusing to negotiate with the unions and from engaging in negotiations with individual employees.
The Appellate Division held that while failure to comply with the time limitations of section 213 foreclosed judicial review of the determinative provisions of the PERB orders, it did not preclude judicial review of PERB’s exercise of its remedial powers. As to the latter the Appellate Division then went on to reject the contentions of the Board of Education, held that PERB did have authority here to direct the restoration of the status quo ante and the payment of lost compensation, and accordingly granted the petition for enforcement. We affirm this disposition but not on the analysis at the Appellate Division.
Section 213 sets forth what are there described as the exclusive means of seeking judicial review of PERB orders. First, an aggrieved party may seek review in an article 78 proceeding brought within 30 days after service of a copy of the order sought to be reviewed (§213, subd [a], par [i]). Second, if PERB institutes an enforcement proceeding before the expiration of that same 30-day period, the respondent in *91 his answer may raise any question that could have been raised in an article 78 proceeding (§ 213, subd [c]). The Board of Education now acknowledges that it cannot here bring itself within the ambit of either of these provisions. In our court it further concedes therefore that the determinative provisions of the two PERB orders (i.e., those finding improper employer practices in violation of statute) are now beyond review. It urges vigorously, however, that it may nonetheless contest the exercise by PERB of its remedial powers in the present enforcement proceeding. We disagree.
We find nothing in the statute which differentiates, for the purposes of judicial review, between the determinative and the remedial portions of a PERB order. Indeed it would be mischievous, unless commanded by statute, to hold that PERB orders could be fractured for purposes of judicial review. Nothing suggests that the review procedures prescribed in section 213 apply to one part of an order but not the other. Subdivision (b) of section 213 provides explicitly that PERB "orders” shall be reviewable only in article 78 proceedings. The present is not such a proceeding. It is an enforcement proceeding instituted by PERB. True, subdivision (c) also expressly provides that article 78 questions can be raised in an enforcement proceeding but only if such proceeding has been instituted within the 30 days after service of a copy of the order, which concededly was not the case here. Accordingly, having failed to show itself entitled to judicial review under the provisions either of paragraph (i) of subdivision (a) or of subdivision (c) of section 213, the Board of Education is foreclosed from seeking review of either the determinative or the remedial provisions of the PERB orders.
It remains to make two observations. First, situations may perhaps be imagined in which a substantial argument could be mounted that PERB, either in its determinations or in the exercise of its remedial power, has acted wholly beyond the jurisdiction conferred on it by the Legislature. We do not now say that in such an instance the aggrieved employer might not obtain judicial review notwithstanding its failure to comply with the procedural prescriptions of section 213. The present, however, is not such a case, and, declining to conjecture, we leave the identification of any such extreme case to its own day.
Second, the holdings on which those who concur would rely, apparently to leave open to judicial scrutiny the remedial *92 provisions of any PERB order notwithstanding failure of the employer to comply with the procedural mandates of section 213, are inapposite. In Matter of Guardian Life Ins. Co. v Bohlinger (308 NY 174) we held only that the Legislature could not wholly foreclose judicial review of administrative action. Here by critical contrast the statute expressly accords a right of broad judicial review, only attaching a reasonable time limitation for the exercise of such right. In Matter of Foy v Schechter (1 NY2d 604) we permitted collateral attack on an administrative determination as to which, because of failure of performance of statutorily prescribed conditions precedent to agency action, it could realistically be said that the action of the administrative agency was without jurisdiction and thus void (see discussion above). In the present proceedings PERB had unquestioned jurisdiction both of the subject matter of the charges (violations of § 209-a) and of the parties. Indeed, the Board of Education advances no argument that PERB was without jurisdiction. The argument it would make, were we to reach it, is only that PERB erred as a matter of law in fashioning the affirmative remedy.
Accordingly, the order of the Appellate Division should be affirmed.