■    In the Matter of HAROLD H. MELNICK, as President of the Sergeants' Benevolent Association of the Police Department of the City of New York, et al., Petitioners, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK, Respondent.—Determination of respondent Public Employment Relations Board (PERB), dated October 29, 1976, which found that the City of New York did not violate its duty to negotiate in good faith with petitioner police associations by reason of the Transit Authority's termination of free subway and bus transportation previously enjoyed by police officers, and determination of respondent PERB dated October 29, 1976, which found that the City of New York violated its duty to negotiate in good faith when it unilaterally terminated free transportation for police officers on city-owned ferries and which ordered negotiation in good faith on that issue, without any provision for affirmative relief, unanimously confirmed, without costs and without disbursements. On review of the record we find that each determination was supported by substantial evidence (Matter of Stork Rest. v Boland, 282 NY 256, 273–274; Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 NY 65, 71; Matter of Sowa v Looney, 23 NY2d 329). We find that the independent status of the Transit Authority distinguishes the case before us from Central Ill. Public Serv. Co. (139 NLRB 1407, enforced 325 F2d 916), and Harrah's Club (158 NLRB 758, enforced 403 F2d 865), relied upon by petitioners. Moreover, with respect to petitioners' application relative to the termination of free ferry passage for police officers, there is no basis in law to modify the PERB order so as to direct restoration of such passage with reimbursement for past expenditures and 3% interest. The Taylor Law (Civil Service Law, § 205, subd 5, par [d]) empowers the PERB to enter an order only "directing the public employer * * * to negotiate in good faith" and does not permit the granting of the affirmative relief sought by petitioners (see Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd., 36 NY2d 534). The city's action was not in violation of sections 202 and 209-a(subd 1, par [a]) of the Civil Service Law. Accordingly, Matter of New York State Public Employment Relations Bd. v Board of Educ. (46 AD2d 509, affd 39 NY2d 86), cited by petitioners, is inapposite. Concur—Kupferman, J. P., Birns, Markewich and Lynch, JJ.

(May 5, 1977)

■    In the Matter of the Estate of ALEXANDER ALTSCHUL, Deceased. MINERVA R. GROSSMAN et al., Appellants; HELEN E. ALTSCHUL, Respondent. —Order, Surrogate's Court, New York County, entered on October 26, 1976, unanimously affirmed for the reasons stated by Di Falco, S., without costs and without disbursements. Concur—Murphy, P. J., Lupiano, Silverman and Capozzoli, JJ.