COUNTY OF BROOME et al., Appellants, v DEPUTY SHERIFFS BENEVOLENT ASSOCIATION OF BROOME COUNTY et al., Respondents.

Third Department, June 9, 1977

*John E. Murray, County Attorney,* for appellants.

*Hogan & Sarzynski (Edward J. Sarzynski* of counsel), for respondents.

LARKIN, J. Petitioner John Andrews took office as Sheriff of Broome County on January 1, 1975. Thereafter, in August, 1975, he transferred Deputy Sheriffs Joseph M. Serbin and George C. Van Winkle, both of whom had been in the Sheriff's Department for a number of years, to the jail division. The respondent Deputy Sheriffs Benevolent Association contends that the transfers were actually "disciplinary action", although this is denied by the petitioners.

Grievances were initiated under the "Simplified Grievance Procedure" set forth in article 8 of the applicable collective bargaining agreement. Eventually a demand was made, pursuant to step 4 of article 8, claiming a violation of article 9 of the agreement, governing disciplinary action against the covered employees, and seeking restoration of the affected deputies to their former positions. Special Term denied an application by petitioners, in a proceeding pursuant to CPLR article

75, to stay arbitration and granted a cross motion by respondents to compel arbitration. The petitioners contend that the subject matter of the grievances does not relate to the terms and conditions of employment and is, therefore, not arbitrable and that the parties did not agree to arbitrate claims concerning transfers. The order of Special Term must be affirmed.

It is well established that although a public employer need not engage in mandatory collective bargaining as to matters which are not strictly "terms and conditions of employment" (Civil Service Law, § 204, subd 2; *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46), there is no general prohibition against a public employer voluntarily agreeing to submit controversies arising from other matters to arbitration *(Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Federation of Teachers,* 40 NY2d 268). This court has recently held that discipline, which respondents claim to be the subject of the grievances, is within "the terms and conditions of employment" and, therefore, a mandatory subject of negotiations *(Matter of City of Albany v Helsby,* 56 AD2d 976; Civil Service Law, § 204, subd 2).

We note the "Simplified Grievance Procedure", or arbitration provision, of the subject agreement, defines the "grievances" to be decided thereunder as "any claimed violation, misinterpretation or inequitable application of the terms and conditions of employment arising out of this agreement or any existing law, rule, procedure, regulation, administrative order or work rule of the Public Employer".

In deciding whether a grievance is subject to arbitration, the courts are limited to determining whether there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract * * *. Penetrating definitive analysis of the scope of the agreement must be left to the arbitrators whenever the parties have broadly agreed that any dispute involving the interpretation and meaning of the agreement should be submitted to arbitration" *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 96. See, also, *Matter of Fort Ann Cent. School Dist. [Fort Ann Cent. School Teachers Assn.],* 54 AD2d 522). We note, in addition, that the subject agreement covers public employees. "It is clear that the avowed public policy of this State as expressed by the Legislature in section 200 of the Civil Service Law, commonly known as the Taylor Law, is to encourage voluntary resolu-

tion of labor disputes involving public employees through forums such as arbitration" *(Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn [Auburn Teachers Assn.],* 49 AD2d 35, 38, mot for lv to app den 38 NY2d 740). The broadness of the arbitration clause contained in the instant collective bargaining agreement between the public employer and its employees leads us to conclude that Special Term properly denied the application for a stay and ordered the parties to proceed to arbitration.

*Matter of Sirles v Cordary* (49 AD2d 330, affd 40 NY2d 950) does not require a different result. In that case we held that a newly-elected sheriff could not properly be subjected to a contractual provision, negotiated by a predecessor, which limited his power to terminate the employment of deputies performing civil functions, who were not of his own choosing but for whose acts and omissions he had personal liability. We noted, however, that "such a provision may be binding upon the Sheriff who negotiated the agreement" *(id.,* at p 334). The collective bargaining agreement in this case was executed by petitioner Andrews and, as such, we conclude that he is bound by its terms.

The order should be affirmed, without costs.

KOREMAN, P. J., SWEENEY, KANE and MAHONEY, JJ., concur.

Order affirmed, without costs.