Harold J. Hughes, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of the Public Employment Relations Board (PERB) holding that public employee discipline is a prohibited topic of negotiation between local governments and the bargaining agents of their employees.
During 1976 the petitioner and the respondent City of Auburn engaged in negotiations for a new contract. The previous contract between the city and the union expired on June 30, 1976. In the negotiations the union sought, among other things, a new article to be entitled "Discipline and Discharge.” The parties were unable to reach an agreement and proceeded through the fact-finding process set forth in section 209 of the Civil Service Law. After the fact finder rendered his report, the parties were still unable to agree and on January 20, 1977 the city filed an improper practice charge against the union. The city alleged that the union had failed to negotiate in good faith because it insisted upon certain proposed terms which were said to be nonmandatory subjects of bargaining. The union’s response was that the provisions in question were mandatory subjects of negotiation. PERB con *910 sidered the improper practice charge under its expedited procedure (4 NYCRR 204.4).
In the proceeding before PERB, the union urged that discipline is a mandatory subject of negotiation and the city urged that this matter is merely a permissive subject of negotiation. PERB decided that it is neither and held that disciplinary procedures providing an alternative to those contained in sections 75 and 76 of the Civil Service Law are prohibited subjects of negotiation between unions and public employers other than the State of New York. PERB held that since subdivision 4 of section 76 of the Civil Service Law had been amended to read in part, "Such sections may be supplemented, modified or replaced by agreements negotiated between the state and an employee organization pursuant to article fourteen of this chapter”, then the maxim expressio unius est exclusio alterius required a finding that the Legislature had intended to prohibit negotiations of alternate disciplinary procedures by all public employers, other than the State of New York.
In this proceeding PERB argues that it has the power to interpret and construe the statutory scheme and that its construction of a statute should be accepted if not unreasonable (see Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50-51). While the court agrees with this contention, it finds that PERB’s construction of subdivision 4 of section 76 is unreasonable and that its determination is, therefore, arbitrary and capricious.
PERB has in the past consistently and properly held that discipline is a mandatory subject of negotiation between a local municipal employer and the employees’ bargaining agent (see, e.g., Matter of City of Albany v Helsby, 56 AD2d 976, 977). Many of these determinations were made subsequent to the amendment to subdivision 4. In its decision PERB relied on the maxim expressio unius est exclusio alterius (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 240). However, as noted in the discussion following section 240, this maxim is merely an aid in statutory construction; it is not an iron-bound rule. It should be applied to accomplish the legislative intent, not to defeat it.
It has long been recognized that alternative disciplinary procedures must be viewed as advancing the public good (Antinore v State of New York, 49 AD2d 6, 11, affd 40 NY2d 921). Unless a statute plainly and clearly prohibits negotiation *911 on the subject of discipline (cf. Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774, 778; Syracuse Teachers Assn. v Board of Educ., 35 NY2d 743, 744), PERB’s prior determinations that discipline is a mandatory subject of negotiation should not be disturbed. Subdivision 4 of section 76 can hardly be said to clearly and plainly prohibit negotiations between a municipal employer and an employee organization on issues relating to disciplinary proceedings.
The determination shall be annulled and the matter remanded to PERB for further proceedings not inconsistent with this decision.