*857 OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner’s horse, “Blazin’ C”, was disqualified as the winner of the fifth race at Aqueduct Racetrack on January 18, 1980 for carrying an incorrect weight. Based on its recent racing history, “Blazin’ C” was not entitled to the five-pound weight allowance with which it ran in the subject race. Since the ultimate responsibility for insuring that a horse carries the correct weight has been placed upon the owner (9 NYCRR 4033.7), petitioner cannot be heard to blame the racing secretary for the error.
Furthermore, petitioner’s claim that the New York State Racing and Wagering Board failed to follow its own rule which requires that objections be made in writing (9 NYCRR 4039.11) is without merit. The board interpreted this rule as applying to objections made by persons other than the track stewards. Since the purpose of the rule, as interpreted by the board, is to assist the stewards by discouraging disgruntled owners, trainers and jockeys from making vague and frivolous objections, it cannot be said that the board’s determination that the writing requirement does not apply when the stewards take action on their own initiative was arbitrary and capricious. Accordingly, the board’s interpretation of its own rule will not be disturbed. (Matter of Bernstein v Toia, 43 NY2d 437, 448; Ostrer v Schenck, 41 NY2d 782, 786.)
In the case before us, the record supports the factual determination below that the stewards and not the agent of a disappointed jockey took formal action in this matter, although the information they acted upon came from the assistant racing secretary who had been orally notified of a potential impropriety by that agent. The issue is, therefore, beyond this court’s scope of review. (CPLR 5501, subd [b]; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 107, p 448.) Consequently, the written objection requirement of 9 NYCRR 4039.11, as interpreted by the board, was not violated by the failure of the stewards to notify each other in writing of the action they intended to take.
*858 Chief Judge Cooke and Judges Jasén, Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment affirmed, with costs, in a memorandum.