■ MAJOR CONCRETE CONSTRUCTION, INC., Respondent, v COUNTY OF ERIE et al., Respondents, and COUNTY OF ERIE/CITY OF BUFFALO JOINT CERTIFICATION COMMITTEE, Appellant.— Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent County of Erie/ City of Buffalo Joint Certification Committee (Committee) appeals from an order rendered pursuant to a CPLR article 78 petition which reversed the Committee's denial of the application of petitioner Major Concrete Construction, Inc. (Major Concrete) for certification as a minority business enterprise, and ordered that Major Concrete be certified as "a bona-fide minority business enterprise". We reverse.

Pursuant to Local Laws, 1983, No. 1 of Erie County bona fide minority or women-owned businesses, certified as such, are entitled to preferential treatment in seeking public improvement contracts with the member agencies (City of Buffalo, County of Erie, Buffalo Sewer Authority, Buffalo Municipal Housing Authority, Buffalo Board of Education).

In order to qualify for minority business certification, it was incumbent on petitioner to show that the controlling interest

in its firm is vested in an individual who is an Hispanic, defined in the application as "[a] person of Mexican, Puerto Rican, Central or South American or other Spanish culture, regardless of race".

Vincent Ferraraccio represented to the Committee that he is the vice-president, treasurer and secretary of Major Concrete. The record indicates that he is, in fact, Major Concrete. His claimed entitlement to certification on behalf of petitioner as a minority business enterprise is based on the fact that his grandmother is a full-blooded Mexican who married a person of Irish-American descent. His mother, thus, is half Mexican and half Irish. He testified that his father is Italian, so that Mr. Ferraraccio is, perforce, 25% Mexican, 25% Irish and 50% Italian. At the hearing before the Committee, he conceded that he does not maintain any ties with the Hispanic community, belongs to no Hispanic groups or clubs, does not have any Hispanic friends and that no Hispanics live in his neighborhood. In short, he is not a part of any Hispanic culture in his community. His attorney informed the Committee that Mr. Ferraraccio's "background is Italian." The Committee, after the hearing, determined that petitioner did not qualify for certification as a minority business enterprise based on the fact that its principal is only 25% Mexican, maintains no contact with the Hispanic community or its culture, and neither he nor other members of his family identify themselves as Hispanic.

We first observe that while the Committee's determination not to certify Major Concrete as a minority business enterprise was made after an informal hearing, there is no statutory requirement that a hearing be held. Therefore, the proper test to be applied on review of a determination of the Committee is "whether there is a rational basis for the administrative order. The courts cannot interfere unless the action complained of is arbitrary and capricious" *(Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, 224, *lv denied* 46 NY2d 713).

Moreover, an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions are entitled to the greatest weight, and absent an arbitrary and capricious interpretation of a regulation, courts should defer to the agency *(Matter of Tommy & Tina v Department of Consumer Affairs,* 95 AD2d 724, *affd* 62 NY2d 671; *see also, Applebaum v Deutsch,* 66 NY2d 975, 977; *Matter of Kaufman v Sarafan,* 59 NY2d 855, 857; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 118-119, *affd* 65

NY2d 807). Applying these principles to the facts herein, Special Term abused its discretion in vacating the Committee's determination not to certify petitioner as a minority business enterprise. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—art 78.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.