■ In the Matter of the NEW YORK CITY TRANSIT AUTHORITY, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent. AMALGAMATED TRANSIT UNION, DIVISION 726, AFL-CIO, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated July 8, 1987, which found the petitioner New York City Transit Authority in violation of Civil Service Law § 209-a (1) (d).

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs.

In this proceeding the New York City Transit Authority (hereinafter the NYCTA) seeks to review a determination by the New York State Public Employment Relations Board (hereinafter PERB) which found that it had failed to negotiate in good faith with the Amalgamated Transit Union, Division 726, AFL-CIO (hereinafter the union).

The construction given statutes and regulations by the agency responsible for their administration will be upheld if not irrational or unreasonable (*Matter of Kaufman v Sarafan,* 59 NY2d 855, 857; *Matter of Bernstein v Toia,* 43 NY2d 437, 448; *Ostrer v Schenck,* 41 NY2d 782, 786). We do not find the construction given by PERB to 4 NYCRR 204.3 (c), a part of its rules of procedure which requires that the answer to a charge include a specific, detailed statement of any affirmative defense, to be irrational or unreasonable. In view of the adversarial nature of the inquiry before PERB, it was reasonable for PERB to import the definition of affirmative defense found in CPLR 3018 (b), and to deem such an affirmative defense waived if not pleaded (*see, McIntosh v Niederhoffer, Cross & Zeckhauser,* 106 AD2d 774; *Surlak v Surlak,* 95 AD2d 371). The NYCTA neither pleaded the defense of waiver nor moved for an amendment of its answer to insert the defense although wide liberty is allowed under 4 NYCRR 204.3 (e) for it to do so at anytime prior to the issuance of the Administrative Law Judge's decision and recommendation order. The record supports PERB's determination that the union was not on notice of the defense and did not have an opportunity to present evidence in rebuttal and, in addition, that the combination of the parties' stipulation that disciplinary penalties had not been raised during negotiations leading up to the

collective bargaining agreement which was supposed to evidence the union's waiver of negotiation, and the omission of the NYCTA to plead the waiver as an affirmative defense, suggested that the NYCTA did not understand its negotiations as having dealt with penalty standards.

Further, we find no merit in the NYCTA's contention that disciplinary penalties are not a mandatory subject of negotiations under the Civil Service Law *(see, Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23; *Board of Educ. v Associated Teachers,* 30 NY2d 122; *Matter of City of Albany v Helsby,* 56 AD2d 976). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.