In the Matter of STEPHEN C. AUSTER, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent.—

Determination unanimously confirmed without costs and petition dismissed. Memorandum: Respondent Department determined that petitioner violated its Medicaid regulations (specifically, 18 NYCRR 515.2 [b]; 516.1, 537.4) by submitting claims for payment for optometric examinations he performed at the rate of $12 per examination, rather than at the rate of $5 per examination, the latter being the rate allowed for a "salaried optometrist". Respondent directed petitioner to pay restitution in the sum of $28,669.48. In this CPLR article 78 proceeding, petitioner seeks to annul that determination on the grounds that respondent's construction of the term "salaried optometrist" was arbitrary and capricious and that its findings were not supported by substantial evidence.

" '[I]t is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld' " *(Matter of Bernstein v Toia,* 43 NY2d 437, 448, *rearg denied* 43 NY2d 950; *Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749; *see also, Ostrer v Schenck,* 41 NY2d 782, 786; *Matter of New York City Tr. Auth. v New York State Pub. Employment Relations Bd.,* 147 AD2d 574, *amended on other grounds* 156 AD2d 689). A "salaried optometrist" is defined in 18 NYCRR 537.4 (n 3) as "a qualified optometrist employed by either a retail optical establishment or dispensing optician or a non-profit health service corporation". The record reveals that petitioner is a salaried employee of Penn Optical Vision Center, Inc.; that he was employed to manage the downtown Rochester facility; and that three-fourths of the Medicaid bills submitted by petitioner were for retail optical sales. Based principally upon this evidence, respondent determined that Penn Optical was a "retail optical establishment" (18 NYCRR 537.4 [a]) and that petitioner was employed by Penn Optical. Petitioner maintained that he was a "self-employed optometrist" (18 NYCRR 537.3 [b]) entitled to payment at the rate of $12 per examination because he had a 35% ownership interest in his corporate employer. Respondent rejected this contention because the holders of the remaining 65% interest could decide at any time to terminate petitioner's employment, and thus, petitioner was not "self-employed". In our view, respondent's construction of its own regulation is reasonable and should not be disturbed. (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Curran, J.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.

 NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-