OPINION OF THE COURT
Joan Marie Durante, J.
In this declaratory judgment action, defendant Eagle Insurance Company (hereinafter Eagle) moves for summary judgment. Plaintiff American National Fire Insurance Co. and defendants Baron O. Levy and Queens Van Plan, Inc. (hereinafter QVP) cross-move for summary judgment.
Defendant QVP operates as a common carrier of passengers under a certificate of public convenience and necessity granted by the New York State Department of Transportation (hereinafter DOT) pursuant to Transportation Law § 154. Individual van operators have entered into operator lease agreements with QVP whereby they operate vans along a QVP route. Defendant Levy is one of these individual van operators as well as, at least at one time, an officer of QVP.
Plaintiff issued a policy of insurance providing coverage for a 1985 Ford van to Baron O. Levy in January 1986. A renewal policy was issued on January 1, 1987, and a 1987 Ford van was added to the policy on June 15, 1987. On September 23, 1987, the named insured on the policy was changed to Baron O. Levy, doing business as Le Baron Transportation. A renewal policy covering the two vans was issued in the same name on January 1, 1988. Upon issuance of the first policy, plaintiff, through its parent corporation, issued a Form E Motor Carrier Certificate of Insurance, dated January 31, 1986, to DOT identifying both Levy and QVP as the motor carrier to which it had issued the insurance policy. Although plaintiff issued another Form E certificate on October 10, 1987, identifying Le Baron Transportation as the motor carrier insured under the second policy it issued, plaintiff did not file a Form K Notice of Cancellation of Motor Carrier Insurance Policies as to the first policy until July 16, 1990.
On July 31, 1988, a van owned by defendant Opal Ricketts *610 and operated by defendant Hector Ricketts under an agreement with QVP was involved in an accident. Defendants Hughes, Collins and Simpson commenced personal injury actions, which have been consolidated, naming QVP as a defendant. QVP contends that it is entitled to coverage by plaintiff for these claims, arguing that once plaintiff filed the Form E on January 31, 1986, it was obligated to cover all QVP vehicles until the Form E was replaced or canceled. Plaintiff acknowledges QVP as an additional insured on the first policy it issued to defendant Levy, but contends that its obligations to QVP extend only to matters involving the 1985 van specified in the first Levy policy and commenced this action seeking a declaratory judgment to that effect. Defendant Eagle was made a party due to a policy of insurance it issued to QVP effective December 28, 1987 until December 28, 1988.
A determination of the rights of the parties herein depends upon the effect that regulations issued by DOT have on the extent of risk undertaken by insurance companies in connection with motor carriers. The regulations in 17 NYCRR part 750 were promulgated by DOT to effectuate its statutory responsibility to insure that motor carriers issued a certificate of public convenience and necessity have adequate automobile liability insurance. (Transportation Law § 139.) Thus, to attain and maintain its authorization, a motor carrier must file proof of its insurance, i.e., a certificate issued by an insurance company, with DOT. In this regard, insofar as is pertinent herein, 17 NYCRR 750.1 provides as follows: "Every person, firm, association or corporation operating motor vehicles under certificate of convenience and necessity or permit issued by the Commissioner of Transportation * * * shall procure and maintain and file with the Commissioner of Transportation surety bonds or certificate of insurance * * * covering each motor vehicle operated pursuant to such certificate, permit or authority, conditioned for the payment of all claims and judgments for damages or injuries caused in the operation, maintenance, use or the defective construction of such motor vehicle”.
Pursuant to 17 NYCRR 750.2 (e), the certificate of insurance required by section 750.1 must be in accordance with the "Form E — Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance” set forth in 17 NYCRR Appendix B-7. Furthermore, when a certificate of insurance is filed with DOT, an endorsement must be attached *611 to the original policy of insurance in the form set forth in the appendix as "Form F — Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement.” (17 NYCRR 750.2 [f].) The Form E Certificate of Insurance states that the insurance policy issued has been amended by attachment of the Form F endorsement to provide liability insurance covering the obligations imposed on the motor carrier by the motor carrier law and regulations of the State having jurisdiction. This Form F endorsement thus amends the insurance policy of the common carrier listed in Form E to cover leased or owner-operated vehicles to the same extent as the vehicles owned by the carrier. (17 NYCRR 781.2 [b].) The regulations further provide that once a Form E certificate is filed it remains in effect until canceled by filing a Form K Notice of Cancellation or a replacement Form E with DOT. (17 NYCRR 750.2 [b], [d].)
As the agency charged with administering the Transportation Law and the regulations it drafts to implement the law, DOT’s construction of the statute and regulations, if not irrational or unreasonable, should be upheld. (Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 147 AD2d 574, decision and judgment amended on other grounds 156 AD2d 689; see, Matter of Kaufman v Sarafan, 59 NY2d 855, 857.) DOT has submitted an affidavit to the court in this matter stating its interpretation of its regulations regarding insurance coverage of licensed common carriers and the meaning of the certificate of insurance required by the regulations. According to DOT’s interpretation of 17 NYCRR parts 750 and 781, one Form E Certificate of Insurance filing covers all vehicles that a motor carrier operates, including any owner-operated or leased vehicles which operate under the authority granted by DOT to the authorized carrier. Similarly, the Form F endorsement required when a Form E certificate is filed amends the insurance policy of the carrier issuing the Form E to provide protection for all vehicles operated under the motor carrier’s certificate of public convenience and necessity, whether or not the vehicles are listed in the insurance policy. It cannot be said that this construction is irrational or unreasonable. In addition, this interpretation clearly furthers the regulations’ purpose and enhances DOT’s ability to protect the public and monitor the insurance coverage of licensed common carriers. Under these circumstances, the court will defer to DOT’s construction.
*612 Although plaintiff contends it issued an insurance policy to defendant Levy and not to QVP, it issued a Form E Certificate of Insurance to DOT, through its parent corporation, certifying that it had issued a policy to QVP. Pursuant to 17 NYCRR 750.2 (i), "[n]o bond or certificate of insurance shall be filed with the commissioner unless a direct contractual relationship exists between the certificate or permit holder and the insurance or bonding company making the filing.” Thus, QVP was insured under the policy issued by plaintiff which was identified in the January 31, 1986 Form E. Having issued this policy, plaintiff undertook the risk of insuring every vehicle operated under QVP’s certificate of public convenience and necessity, whether or not they were described in the policy. (17 NYCRR parts 750, 781.) This coverage continued until December 31, 1989, the retroactive effective date of a replacement certificate of insurance filed with DOT. (17 NYCRR 750.2 [b].)
By its own clear terms, the insurance policy issued to QVP by defendant Eagle provided only physical damage coverage to QVP. Thus, Eagle is under no obligation to provide liability insurance coverage to QVP.
Accordingly, the motion by defendant Eagle and the cross motion by defendant QVP are granted, and the cross motion by plaintiff is denied. It is declared that defendant Eagle does not owe liability insurance coverage to QVP. It is further declared that plaintiff is obligated to provide liability insurance covering all vehicles operated under the certificate of public convenience and necessity granted to QVP by DOT for the period from the effective date of the policy identified in the Form E issued by plaintiff, January 1, 1986, until the date said Form E was terminated by replacement, December 31, 1989, in the following amounts required by 17 NYCRR 750.1:
"Passenger vehicles having a carrying capacity of 12 or less passengers: for personal injury or death to one person, $100,000;
"Personal injury or death to all persons in one accident, $300,000, with a maximum of $100,000 for each person;
"Property damage, $50,000;
"Passenger vehicles having a carrying capacity of more than 12 passengers: for personal injury or death to one person, $100,000;
"Personal injury or death to all persons in one accident, $500,000, with a maximum of $100,000 for each person; or
*613 "Property damage, $50,000.”
The court makes no determination regarding the joint and several responsibility of plaintiff and any other insurance companies which have issued valid policies covering the same risk as plaintiff, whether in the underlying negligence action herein or in any other claims against QVP for the aforementioned coverage period. Such a determination is dependent upon the coordination of benefits provisions in the relevant policies and the issue has not been raised in this action.