*295 OPINION OF THE COURT
Arthur W. Lonschein, J.
The plaintiff moves for summary judgment in this action pursuant to Insurance Law § 3420 (a) (2). Plaintiff seeks payment from defendant Allstate Insurance Company (hereinafter Allstate) of the unpaid portion of a judgment entered in plaintiffs favor in another action in this court entitled Gish v Barrett, under index No. 10050/91. The judgment was in the sum of $341,065, of which $333,565 remains unpaid.
Plaintiff was injured on May 14, 1991 when the motor vehicle he was operating was struck by a 1990 Ford Club Wagon owned by Leonard Barrett and operated by Joseph Evans Joseph as a livery van under a lease agreement with Francis Woodrow Carryl to whom the New York State Department of Transportation (hereinafter DOT) had granted a certificate of public convenience and necessity to operate as a common carrier of passengers. At the time of the accident, a commercial automobile policy issued by Allstate to Carryl was in effect. In connection with this policy, Allstate had also issued a Form E Motor Carrier Certificate of Insurance effective July 13, 1989. The Form E was filed by Carryl with DOT pursuant to the requirements of 17 NYCRR 750.1. The declarations page and schedule of coverage of the Allstate policy set forth only one covered vehicle, a 1989 Ford van. The van involved in the accident was not listed. Allstate disclaimed coverage to its named insured and contends herein that it is not obligated under its contract of insurance to extend coverage to the ownership and operation of the van which injured plaintiff.
Pursuant to the applicable statutory and regulatory framework designed to ensure that motor carriers operating vehicles under a certificate of convenience and necessity issued by DOT have adequate automobile liability insurance (Transportation Law § 139; 17 NYCRR part 750), a motor carrier must file a Form E Certificate of Insurance from its insurer demonstrating the existence of insurance coverage and stating that the insurance policy issued has been amended by attachment of a Form F endorsement to provide liability insurance covering the obligations imposed on the motor carrier by statute and regulation. (17 NYCRR 750.2 [e], [f]; Appendix B-7.) Inasmuch as an authorized carrier utilizing nonowned equipment must have the equipment covered by its insurance to the same extent as equipment owned by the carrier (17 NYCRR 781.2 [b]), the Form F endorsement amends the insurance policy of the au *296 thorized carrier listed in Form E to cover leased or owner-operated vehicles as well as those owned by the carrier. (American Natl. Fire Ins. Co. v Levy, 156 Misc 2d 608, 611.) This amendment extends a policy’s coverage to provide protection for all vehicles operated under the motor carrier’s certificate of public convenience and necessity whether or not the vehicles are listed in the insurance policy. (American Natl. Fire Ins. Co. v Levy, supra.) Such an interpretation and application of its regulations was urged by DOT in American Natl. Fire Ins. Co. v Levy (supra) and in this action.
The record herein demonstrates that the van involved in the accident that caused plaintiff’s injuries was being operated pursuant to a lease agreement under the certificate of public convenience and necessity granted to Francis Woodrow Carryl and had been inspected by DOT pursuant to that certificate. Thus, having issued an insurance policy to Carryl and furnished a Form E for filing with DOT certifying the issuance, Allstate is obligated to provide liability insurance to the van which struck plaintiff’s vehicle even though it was not listed in the policy. Allstate’s contention that the lease agreement between Carryl and the van owner was not a lease as contemplated by DOT regulations, even if true, does not affect Allstate’s obligation to provide coverage to the offending van. The important public policy promoted by enforcement of the insurance regulations cannot be defeated by a case-by-case examination as to whether a particular lease agreement as written and performed by the parties is in full compliance with the conditions imposed on an authorized carrier’s use of nonowned equipment. (17 NYCRR 781.2.) Upon issuing the insurance policy and Form E to Carryl, an authorized carrier, Allstate undertook the risk of insuring every vehicle operated under Carryl’s certificate of public convenience and necessity. (See, American Natl. Fire Ins. Co. v Levy, supra, at 612.) To permit inquiry into the precise terms and implementation of a lease agreement before requiring Allstate to fulfill its obligations where a vehicle has operated under Carryl’s authority would deprive the public of the very protection the insurance provisions are meant to afford. The court has considered defendant’s remaining contentions and finds them to be without merit.
Inasmuch as Allstate was obligated to provide coverage for the van involved in plaintiff’s accident, plaintiff is entitled to recover against Allstate for the unpaid amount of the judgment he obtained in the underlying negligence action not exceeding the amount of the applicable limit of coverage under *297 the policy. (Insurance Law § 3420 [a] [2].) Since the pertinent coverage limit in the policy at issue is $250,000 per person, plaintiff’s recovery herein may not exceed that. The affirmative defenses asserted in Allstate’s answer but not raised or established in opposition to this motion have been waived.
Accordingly, plaintiff’s motion is granted to the extent that he is awarded summary judgment against Allstate in the amount of $250,000 plus applicable interest.