■ In the Matter of TWIN CITY PHYSICIANS GROUP, P. C., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [653 NYS2d 763] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioners, three groups of emergency room physicians under contract with hospitals in Erie County, challenge respondent's determination that overpayments had been made for services provided by petitioners to Medicaid patients. Following a hearing held pursuant to 18 NYCRR part 519, the Administrative Law Judge upheld respondent's determination that payments made under the primary care office services codes of the Medicaid Management Information System

Provider Manual for Physicians (MMIS Manual) were not authorized for the emergency room services provided by petitioners.

"It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (*Matter of Howard v Wyman*, 28 NY2d 434, 438, *rearg denied* 29 NY2d 749; *accord, Matter of Bernstein v Toia*, 43 NY2d 437, 448, *rearg denied* 43 NY2d 950; *Matter of Auster v New York State Dept. of Social Servs.*, 177 AD2d 1031, 1032). In our view, respondent's determination that petitioners were entitled to payment under the hospital visit codes rather than the office visit codes of the MMIS Manual is reasonable and should be upheld (*see, Matter of Auster v New York State Dept. of Social Servs., supra*, at 1032). We reject petitioners' contention that respondent should be estopped from seeking recoupment of the overpayments. This proceeding presents no unusual factual situation warranting application of the doctrine of estoppel against respondent (*see, Advanced Refractory Technologies v Power Auth.*, 81 NY2d 670, 677-678). Petitioners have not established a clear legal right to a second audit to determine whether they were underpaid for specialist services provided during the period at issue. We therefore dismiss the petition seeking an order compelling respondent to conduct such an audit (*see, Matter of Blase v Axelrod*, 67 NY2d 642, 644). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.