■ In the Matter of NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, v COUNTY OF WESTCHESTER, Appellant. [720 NYS2d 279] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 24, 1999 in Albany County, which granted petitioner's application, in a proceeding pursuant to Civil Service Law § 213, for enforcement of its order finding that respondent has committed an improper employer practice.

In January 1996, the New York State Nurses Association filed an improper practice charge with petitioner, the Public Employment Relations Board (hereinafter PERB), alleging respondent's violation of a collective bargaining agreement by subcontracting nursing services to a private entity. In August 1998, PERB reviewed an Administrative Law Judge determination and issued a final decision and order which, in pertinent part, Ordered that the unlawfully terminated nurses be restored to the status quo ante and paid lost compensation. Re-

spondent received PERB's decision and order on August 21, 1998 but did not seek judicial review within the 30-day limitations period of Civil Service Law § 213 (*see*, Civil Service Law § 213 [a] [i]; [b]).

After efforts to obtain compliance with its order proved to be unsuccessful, PERB commenced this proceeding in September 1999 seeking to obtain an order of enforcement pursuant to Civil Service Law § 213 (a) (ii). Rejecting respondent's claim that PERB's order is unenforceable because the facility employing the nurses was removed from respondent's control and replaced by a public benefit corporation in January 1998 (*see*, Public Authorities Law § 3300 *et seq.*), Supreme Court granted the petition. Respondent appeals.

We affirm. As the Court of Appeals recognized in *Matter of New York State Pub. Empl. Relations Bd. v Board of Educ.* (39 NY2d 86, 90-91), assuming that PERB acted within its jurisdiction, Civil Service Law § 213 permits judicial review of a final PERB order only where (1) the aggrieved party initiates a timely CPLR article 78 proceeding (*see*, Civil Service Law § 213 [a] [i]; [b]) or (2) PERB initiates its enforcement proceeding within 30 days and the respondent raises one or more CPLR 7803 issues in its answer (*see*, Civil Service Law § 213 [c]). Conversely, when PERB commences an enforcement proceeding after the expiration of the 30-day window for review of the merits of a final agency determination, courts are not at liberty to consider "either the determinative or the remedial provisions of the PERB orders" (*Matter of New York State Pub. Empl. Relations Bd. v Board of Educ., supra*, at 91).

Although respondent acknowledges that the timing of PERB's petition for an order of enforcement renders respondent's request for review of the merits untimely by over one year, respondent nevertheless contends that Supreme Court erred in granting the petition because respondent has not had the authority to restore the nurses to their positions since January 1, 1998, the date that the affected nurses were transferred from Westchester County Medical Center to the newly formed Weschester County Health Care Corporation (*see*, Public Authorities Law § 3303 [1] [a]). Respondent's analysis overlooks the fact that a party's ability to comply with a PERB order is immaterial to a court's consideration of an enforcement petition, as the facts surrounding a party's failure or inability to comply with the order is a subject to be addressed not during the enforcement proceeding, but during a subsequent contempt proceeding, should one be initiated (*see, Matter of New York State Pub. Empl. Relations Bd. v Elba Cent. School*

*Dist.*, 17 PERB ¶ 7011; *see also, Matter of New York State Pub. Empl. Relations Bd. v Catskill Regional Off-Track Betting Corp.*, 31 PERB ¶ 7014). By contrast, the instant enforcement proceeding "is merely a preliminary step in the process to compel compliance with a PERB order, which is necessitated by PERB's lack of independent power to compel compliance with its orders" (*Matter of New York State Pub. Empl. Relations Bd. v Elba Cent. School Dist., supra*, at 7036). .

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.