Weygandt, C. J.
 

 Section 5389, General Code, provides in part that in “the case of personal property used in business, the book value thereof, if any, less book depreciation, at such time or times, shall be listed and such depreciated book value shall be taken to be the true value of such property, unless the assessor shall find that such depreciated book value is greater or less than the then true value of such property in money. ’ ’
 

 The appellee contends that the Tax Commissioner made no finding that the true value of the watch movements and parts was greater or less than the depreciated book value for the reason that the record discloses no basis therefor. This is correct except for the appellant’s statement therein that the depreciated book value includes the sum of $200,297.97 representing import duties paid thereon. Does this constitute evidence requiring the allowance of the appellant’s requested deduction? The answer of the Tax Commissioner was in the negative, and this view was affirmed by the Board of Tax Appeals.
 

 The standard fixed by the statute is “the then true ■value of such property in money.” These watch movements and parts had been transported from Biel,
 
 *463
 
 Switzerland, to Cincinnati, Ohio, and it cannot be maintained that their value was unaffected by the expenses of transportation, duties and incidental charges paid thereon. In the case of
 
 Lehman
 
 v.
 
 Grantham,
 
 78 N. C., 115, the court held that the federal tax on liquors-was not deductible in the assessment of a liquor purchase tax, and said: “Property is always taxed at its improved value, if it is improved and by whatsoever means improved.” In the case of
 
 Lash’s Products Co.
 
 v.
 
 United States,
 
 278 U. S., 175, 73 L. Ed., 251, 49 S. Ct., 100, Mr. Justice Holmes observed: “The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller’s obligation, but that is all. * * * The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price * * Furthermore, in the second paragraph of the syllabus in the case of
 
 State, ex ret. Aud. of State,
 
 v.
 
 Holliday,
 
 61 Ohio St., 352, 56 N. E., 118, 49 L. R. A., 427, this court made the following pertinent pronouncement:
 

 “Where the manufacture of an article of tangible personal property is protected by a patent, and such article when manufactured is not put on the market for sale but its ownership retained by the manufacturer in himself, and the article leased or rented by him to another for a valuable consideration payable to him, it should be taxed as his property at ‘its true value in money,’ although that value is enhanced by reason of the patent. Its true value in money for taxation is the value that attaches to it.in his hands.”
 

 Under the requirement of the statute the commissioner and the Board of Tax Appeals in the instant case were not in error in disallowing the appellant’s claim for a deduction of the amount of the duties.
 

 A further contention of the appellant is that duties and customs are excises and that a rule designated as
 
 *464
 
 Regulation 46 of the Tax Commission of Ohio requires the exclusion of excises from the valuation of inventories of taxpayers who by law are required to and do pay such tax. In reply to this the appellee contends that if such a rule was promulgated by the Tax Commission during its existence, the rule was no longer in effect when this assessment was made by the present Tax Commissioner. However, irrespective of the existence of this rule, the matter is controlled by the statute requiring that such property be listed at its then true value in money; and if the value thereof has been improved by the payment of duties thereon, such items should be considered in determining the then true value in money.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and must be affirmed.
 

 Decision affirmed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ.,. concur.