Fund, J.
A retail liquor store operator and an association of liquor dealers seek a declaratory judgment that the City of Syracuse Sales Tax Law does not cover the sale of alcoholic beverages for off-premises consumption or, at least, if that be decided against them, that the sales tax on such beverages be computed on the retail price of the bottled liquor, less the federal and state excise taxes included in such price.
The court at Special Term decided that the city was justified, not only in imposing a sales tax on alcoholic beverages, but also in having the tax computed on the over-all sales price including the amount of excise taxes that went to make up such price. Concluding that there was no basis for the declaration sought by plaintiffs, the court granted defendants’ motion, dismissing the complaint. The Appellate Division agreed with Special Term’s reasoning and views, but reversed the judgment upon the ground that defendants were entitled to a declaration upon the merits. Since the material allegations of the complaint are necessarily admitted, no questions of fact are presented and the Appellate Division was quite right in ruling that a judgment declaring the rights of the parties should be made. (See, e.g., Rockland Light & Power Co. v. City of New York, 289 N. Y. 45; German Masonic Temple Assn. v. City of New York, 279 N. Y. 452, 457.)
In 1947, the state passed legislation authorizing cities such as Syracuse to adopt a sales tax law (L. 1947, ch. 278) and, four years later, that city’s common council enacted Local Law No. 5 of 1951, effective January 1, 1952, imposing a 2% retail sales tax. Since that date, the tax has been assessed on sales of alcoholic beverages for off-premises consumption, to which no one objected, and federal and state excise taxes, imposed (according to the complaint) by sections 5001 through 5005 of title 26 of the United States Code and sections 420 through 438 of this state’s Tax Law, were excluded from the computation in accordance with a regulation of the city’s commissioner of finance and further explicit notification from him. This method of computing the tax continued with the commissioner’s approval, indeed, at his direction and instance, until 1955; in June and September of that year, he issued a directive, in the *488 form of a letter, advising plaintiff Hoffman and (again according to the complaint) “ others similarly engaged ” in the retail liquor business that, on and after October 1, 1955, the computation was to be made on the total sales receipts, that is, the over-all sales price, including the excise taxes.
That advice sparked this action.
As to plaintiffs’ first point — that the retail sale of alcoholic beverages for off-premises consumption is not subject to the sales tax — there is little need to add to what the court at Special Term said. We have no doubt that the statute covers the sale of such beverages, for in the plainest of terms section 2 of the local law, following closely the provision of the state statute, imposes the tax upon “ every retail sale * * * of tangible personal property,” excepting only the articles particularly specified in a schedule designated “A,” and alcoholic beverages are not specified. In other words, the absence of that item among those listed for exemption is decisive. “ Food and food products ” are excepted and, while the legislature could have defined those terms in such a way as to include all articles of food and drink, including hard liquor (see, e.g., Agriculture and Markets Law, § 2, subd. 3; § 198, subd. 1), it is clear that in their present context they do not encompass gin or whiskey or other alcoholic beverages.[1]
Having concluded that alcoholic beverages are subject to the sales tax, we turn to plaintiffs’ second point that the state and federal excise taxes be excluded from sales receipts in computing the sales tax.
The state • enabling act (L. 1947, ch. 278, § 7) requires the State Tax Commission to prepare model local laws and regulations, for the assistance of local officials, in order to effectuate uniform administration of local sales tax laws. The model law, prepared by the commission (3 Prentice-Hall, New York Tax Service, par. 70,100 et seq.), is substantially the same as that adopted by the City of Syracuse. In both the suggested model law and the. enacted local law, the term, ‘‘ Receipts ’ ’ from retail sales, upon which the 2% sales tax is to be computed, *489 is defined as (Local Laws, 1951, No. 5 of City of Syracuse, § 1, subd. [d]; Model Law, 3 Prentice-Hall, ibid.)
“ The amount of the sale price of any tangible personal property sold at retail # * * without any deduction therefrom on account of the cost of the property sold * * # or any other expense of the vendor.”
Among the regulations promulgated by the commissioner of finance, effective as of January 1, 1952, was regulation 29, providing in essence that, in computing the sales tax, the amount of certain federal and state excise taxes should be excluded in arriving at the amount of taxable receipts from a retail sale. Regulation 29 is identical with a model regulation prepared by the state tax commission (3 Prentice-Hall, op cit., par. 69,562), except that the commissioner of finance added the second paragraph:
“ Reg. 29. Federal and State Taxes. Vendors of tangible personal property upon which there are imposed certain federal excise taxes or the State tax on gasoline and similar motor fuel are not required to include the amount of such taxes in the receipts from the sale of tangible personal property when computing the tax imposed by the Local Law, providing, however, that such taxes shall be separately stated and billed in addition to the purchase price of the tangible personal property.
“ Where a Federal Excise Tax is included in the selling price the tax is to be computed on the amount of the sale less the amount of the excise tax, provided, however, the vendor keep a record of such transaction.”
And, the complaint alleges, on or about January 1, 1952, simultaneously with the adoption of this regulation, the commissioner of finance “ authorized and directed ” retail liquor dealers in Syracuse to compute the sales tax on the sale of alcoholic beverages for off-premises consumption on the basis of the retail price less the federal and state excise taxes included therein. In addition, it is asserted, the commissioner “ required that the amount of such excise taxes should be ascertained from the schedule marked Exhibit ‘ A ’ hereto attached * * * [and that] the said chart [i.e., schedule] was required to be displayed on the vendors’ premises.” The chart, thus authorized for use *490 by the vendors, and for display in their stores, computed the sales tax without taking into account the excise taxes.
These directions of the commissioner remained in force until 1955; as noted above, in June and September of that year, the commissioner sent letters to the liquor dealers which, in effect, countermanded the earlier directives and instructed that, from on and after October 1, 1955, the sales tax was to be computed on the full selling price, inclusive of the federal and state taxes.
This latter construction is unquestionably the correct one. The liquor excise taxes here involved are taxes imposed upon the manufacturer, the distiller, the importer (U. S. Code, tit. 26, §§ 5001-5005) or the distributor (Tax Law, §§ 420-434) and clearly fall within the coverage of the term “ Receipts ” from retail sales, upon which the sales tax must be figured. There can be no question that such taxes constitute a part of the cost of the property sold, just as much as any other expense of the retailer. (Cf. Matter of Pure Oil Co. v. Joseph, 296 N. Y. 1039, affg. 267 App. Div. 867; Lash’s Products Co. v. United States, 278 U. S. 175, 176; Consolidated Distributors v. City of Atlanta, 193 Ga. 853, cert. denied 317 U. S. 662; Cass v. Colorado Beverage Co., 122 Col. 101; Gruen Watch Co. v. Evatt, 143 Ohio St. 461; S. & L. Straus Beverages Corp. v. Commonwealth, 185 Va. 1055.)
In point of fact, plaintiffs do not dispute this; they contend instead that, by reason of regulation 29, they may not be required, despite the 1955 directive, to change the method of computing the tax and figure it on the basis of the over-all purchase price. On the other hand, defendants argue that regulation 29, authorizing the retailer to exclude ‘ * certain ’ ’ state and federal excise taxes in computing the sales tax on the retail sale, relates only to (1) excise taxes whose taxable event is the local retail sale or (2) excise taxes that are imposed on the retail purchaser rather than on the distributor, the distiller or the importer. The federal manufacturers’ tax on automobiles in those instances where it does not attach until the sale by the retail dealer is an example, given in regulation 29, of the first (Code of Fed. Reg., tit. 26, § 316.5 [d]), the state tax on gasoline, an example, also set out in regulation 29, of the second, a tax on the retail purchaser. (See Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, affd. 272 N. Y. 668.) This strict and literal reading of the regulation, as relating only to selected excise taxes which are properly deductible in the com *491 putation of the retail sales tax, may be correct, though it is not now necessary to consider or pass upon the matter. To many taxpayers, however, these fine distinctions may not be readily apparent, and, indeed, it seems to us that the regulation is ambiguously drawn. That opinion is evidently shared by the defendants, for they contend that, if regulation 29 contemplates the deduction, in the sales tax computation, of all excise taxes on manufacturers and distributors, the regulation is in conflict with the statute and local law and must, therefore, yield to the latter.
Defendants make this argument merely to justify the collection on and after October 1, 1955 of a sales tax based on the over-all purchase price and not to support any claim for higher taxes between January, 1952 and October, 1955. And it hardly needs statement that the city is not entitled to hold the liquor dealers liable for the higher sales tax which they could have charged and collected, had the commissioner not directed a contrary course during that period. Since, according to the allegations of the complaint, which, of course, we accept as true, the vendors were actually prohibited from charging their customers a sales tax based on inclusion of the excise taxes, it would be unthinkable to hold them responsible for the larger amounts they would have collected had they, contrary to the city’s direction, included excise taxes. (Cf. People ex rel. Rice v. Graves, 242 App. Div. 128, 132, affd. 270 N. Y. 498; Pressed Steel Car Co. v. Lyons, 7 Ill. 2d 95, 105-106.) In other words, since the city required plaintiffs to charge and collect sales taxes on the selling price of the liquor, less excise taxes, between 1952 and October 1, 1955, it would be estopped from asserting any claim for additional taxes that might otherwise have accrued against them during that period.
However, there can be no question that, once the city directed the liquor dealers, conformably with the statute, to include the excise taxes in arriving at the price of the article and the sales tax to be charged, from that time on they come under the necessity of collecting such a tax and paying such amount to the city. No longer was there a warrant for reliance upon the instructions that the commissioner issued in January of 1952, no longer a justification for the continued reading of the ambiguous regulation according to those instructions. They were replaced by a 1955 directive unequivocally advising that the *492 method of computation was to be changed by including the excise taxes in the over-all purchase price. Whether or no the commissioner would have been better advised to promulgate an amended regulation 29 is beside the point. The tax is imposed, not by the directive or, for that matter, by the regulation, but by the state and local statutes. (See Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452.) Since, however, the 1955 directive correctly expounds those statutes, the plaintiffs were no longer justified in relying on the explicit, but erroneous, 1952 directive or on the ambiguous regulation which has little or no greater weight. (Cf. Burnet v. Chicago Portrait Co., 285 U. S. 1, 16, 20-21.) We do not have before us an explicit regulation in conflict with an explicit directive.
The judgment appealed from declares in part that “ the Federal and State excise taxes on liquor were elements of the ultimate cost of the product and thus' should be included in the retail sales price upon which the tax is computed.” This is correct as far as it goes, but, to avoid any possible implication, lurking in that recital, that the city has a right to proceed against liquor dealers for the tax which they would have collected between January 1,1952 and September 30,1955, had they treated the excise taxes as elements of ultimate cost to be included in the price upon which the tax is computed, it is essential that the declaration be clarified. We accomplish such clarification by modifying the judgment to include a further recital declaring that plaintiff and other dealers similarly situated were privileged, during the period prior to October 1,1955, to compute the sales tax on the amount of the sale less the amount of the excise taxes and that it is only from and after October 1, 1955 that they became liable to collect such sales tax on the basis of the over-all purchase price, including the federal and state excise taxes.
The judgment of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed.
Conway, Oh. J., Desmond, Dye, Froessel, Yan Yoorhis and Burke, JJ., concur.
Judgment accordingly.

. Indeed, when the legislature chose to exempt the sale of alcoholic beverages from the payment of retail sales taxes, it explicitly so provided (Tax Taw, art. 18, § 427, which, in effect, expired in 1934).