MARC LANCE FORD, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 69-87—Decided June 18, 1969.)

*Messrs. Walter, Haverfield, Buescher & Chockley* and *Mr. John J. Kelley, Jr.*, for appellant.

*Mr. Paul W. Brown*, attorney general, and *Mr. R. A. Malrick,* for appellee.

TAFT, C. J. The taxpayer contends that those automobiles removed from its new car inventory for use as demonstrators and officials' cars and operated under dealer's plates issued pursuant to Section 4503.27, Revised Code, should have been excluded from its inventory for personal property tax purposes. It bases this contention upon the part of Section 5701.03, Revised Code, which reads:

"As used in Title LVII of the Revised Code [providing for personal property taxation], 'personal property' includes every tangible thing which is the subject of ownership * * * other than * * * motor vehicles registered by the owner thereof * * *."

Although *Trailer Mart, Inc.*, v. *Bowers* (1955), 164 Ohio St. 354, 130 N. E. 2d 793, would seem to require the rejection of any such contention, the Tax Commissioner did not rely upon that decision in its brief or argument in this court. Furthermore, we find it unnecessary to consider whether that decision should be followed, because of our conclusion that an automobile, properly operated by its owner under dealer's plates issued pursuant to Section 4503.27, Revised Code, does not thereby become a motor vehicle "registered by the owner thereof" within the meaning of Section 5701.03, Revised Code.

So far as pertinent, Section 4503.27, Revised Code, reads:

"A manufacturer of motor vehicles, or dealer therein, shall make application for registration, for each place in this state at which the business of manufacturing or dealing in motor vehicles is carried on. * * *"

Section 4503.30, Revised Code, provides in part:

"Any placards issued by the Registrar of Motor Vehicles and bearing the distinctive number assigned to a * * * dealer pursuant to Section 4503.27 * * * may be displayed on any motor vehicle * * * owned by the * *. * dealer, or lawfully in the possession or control of the * * * dealer, his agent or employee, and shall be displayed on no other motor vehicle. * * * "

It is apparent therefore that dealer's plates do not provide for registration of any specific vehicle.

We are also of the opinion that the reasons given for our decision in *Gruen Watch Co.* v. *Evatt* (1944), 143 Ohio St. 461, 55 N. E. 2d 794, require the conclusion that the amount of the manufacturer's federal excise tax paid by an automobile dealer to the manufacturer with respect to an automobile may not be excluded by the dealer from his inventory valuation of such automobile for Ohio personal property tax purposes.

*Decision affirmed.*

LEACH, MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE LEACH of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the. Chief Justice "to sit with the justices of the Supreme Court. in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE LEACH did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.