■ In the Matter of SCHIAVONE CONSTRUCTION CO., INC., NAB CONSTRUCTION CORPORATION, PETRO CONCRETE STRUCTURES, INC., a Joint Venture, Appellants-Respondents, v JOSEPH T. MCGOUGH, JR., as Commissioner of the City of New York Department of Environmental Protection, Respondent-Appellant.—Order of the Supreme Court, New York County (Leonard Cohen, J.), entered May 8, 1984, denying municipal respondent's motion to dismiss the proceeding, and which converted this CPLR article 78 proceeding into an action for a declaratory judgment, unanimously reversed, on the law, without costs, the conversion of the proceeding to an action for a declaratory judgment vacated, and the article 78 proceeding denied and dismissed.

Petitioners are a joint venture consisting of Schiavone Construction Co., Inc., Nab Construction Corporation and Petro Concrete Structures, Inc. (collectively Schiavone). Respondent is the Commissioner of the City Department of Environmental Protection. In May 1983, respondent sought bids for the North River Water Pollution Control Project, a project funded in part by the Federal Government. When the bids were opened on June 30, 1983, it was ascertained that Schiavone's bid of $47,886,000 was the lowest bid.

The items bid upon were divided into two groups. Bids were separated for each of the two groups of items, but the two totals were to be added together to reach a total bid.

Schiavone's total bid was the lowest. The Department of Environmental Protection (DEP) discovered that in adding the totals for the two groups of items, Schiavone had made an arithmetical error and that proper addition would have made its total bid lower by approximately $420,000. DEP notified petitioners of that fact.

The specifications permitted an error to be corrected if application was timely made and the Commissioner was convinced that an honest mistake was made. In such event the matter was to be referred to the Board of Responsibility which would finally determine whether such error could be corrected. The DEP notified petitioners that because of the error, it would extend the time for acceptance of the bid for 30 days. Meanwhile, on August 2, 1983, a conference was held between Schiavone's chief estimator and representatives of the DEP in which the effort was made to convince DEP that the mistake was an honest one. After further discussion the contract was awarded to Schiavone at the lower total bid. A stipulation was contained in the letter of award dated August 8, 1983 by

which Schiavone was permitted to reserve its right to employ any legal remedy to enforce its claim to an award of the contract at the higher total bid. Subsequently, on September 21, 1983, petitioners appealed to the Federal Environmental Protection Agency (EPA) from the award at the lower total bid. EPA denied the appeal on November 28, 1983, holding that it was not timely made. It pointed out that the letter awarding the contract to Schiavone was a formal denial of Schiavone's protest and that although the regulations of the EPA required that an appeal from a protested ruling be taken within seven days after issuance of the ruling, Schiavone had waited some six weeks before filing its appeal. In the interim Schiavone entered into performance of the contract.

It is obvious that DEP was neither arbitrary nor capricious in awarding the contract to petitioners at the lower total figure submitted by them. Indeed, Special Term so held. If petitioners' higher total bid was greater than that of another bidder, but its lower total bid was lower than that of all other bidders, Schiavone would be in the enviable position where it could rely upon its lower bid to assert that it was entitled to the contract. This would wreak havoc on the concept of competitive bidding. Moreover, the DEP delayed in accepting the bid. Under the express terms of the contract, Schiavone was free, prior to acceptance, to withdraw its bid. With full knowledge of the circumstances, it elected to stand on it.

In sum, petitioners are seeking a reformation of the contract based upon a unilateral mistake of fact. While a court may reform a contract where one party has mistaken its terms, it may do so only if such mistake is coupled with fraudulent, overreaching or inequitable conduct on the part of the other (*Brandwein v Provident Mut. Life Ins. Co.*, 3 NY2d 491, 496; *Welles v Yates*, 44 NY 525, 529). Since there is no basis for reformation, converting this proceeding into one for a declaratory judgment was unwarranted. Inasmuch as there was no arbitrary or capricious action on the part of the DEP, the article 78 proceeding must be dismissed. Concur—Kupferman, J. P., Ross, Asch, Bloom and Rosenberger, JJ.