OPINION OF THE COURT
Franklin R. Weissberg, J.
In this action, the plaintiff challenges the defendants’ interpretation of a provision in the New York Health Care Reform Act (HCRA) (L 1996, ch 639 [eff Jan. 1, 1997]) which relates to assessments which insurers and others are required to pay towards the funding of graduate medical education (GME) in this State. The plaintiff has moved for summary judgment granting its request for declaratory relief. The defendants have cross-moved for summary judgment dismissing the complaint.
Under the HCRA, “third-party payors”, which include insurance companies, self-insured employers and health plans, are required to contribute to the GME fund. (See, Public Health Law §§ 2807-j, 2807-s.) A third-party payor has a choice of two methods by which to calculate the amount it owes. Of relevance to this proceeding is the method which employs a formula based on the number of “covered lives” for which the payor has been responsible. The assessment is calculated on a per capita or, in the case of family coverage, a per family dollar amount for each in-patient hospital visit covered by the policy. (See, Public Health Law § 2807-t.) The subject of this proceeding is the provision under section 2807-t which states that if there are “two or more specified third-party payors covering a single contract holder where both specified third-party payors cover separate components of the inpatient care benefits otherwise subject to the assessment, the assessment shall be apportioned between the insurers.” (See, Public Health Law § 2807-t [7].)
The Screen Actors Guild (SAG) is a labor union representing performers employed in the production of motion pictures. The plaintiff is an employee welfare benefit plan which is main *711 tained for the purpose of providing medical coverage and health care benefits to SAG members and their beneficiaries. There are numerous other unions which cover employees who work in the entertainment industry and each of these unions maintains an employee benefit plan which also provides medical coverage and health care benefits to its participants. These other unions include the American Federation of Television and Radio Artists, the Writers Guild of America, West, Inc. and the Directors Guild of America. According to the plaintiff, many of its members are also members of one or more of these related unions and, as such, are covered by more than one health plan and third-party payor.
The plaintiff has chosen to have its GME assessment calculated pursuant to the “covered lives” provision. Since many of its members are also members of other unions in which medical insurance is available, the plaintiff entered into apportionment agreements with these related unions in which payment of the GME assessment with respect to the covered visit of a particular member would be made entirely by whichever of the plans was determined beforehand to be the primary provider. In this way, although two different health plans may together pay the cost of the member’s hospital visit, only the plan which pays the majority of the hospital expenses would be responsible for the GME payment which reflected the visit.
The plaintiff requested that the defendant New York State Department of Health approve its apportionment agreements. The Department refused to do so. In a letter dated August 20, 1997, the Department advised the plaintiff that its agreements with the other unions were not an acceptable arrangement for apportionment of covered lives costs under HCRA since the union member would have duplicate coverage purchased through multiple contract holders rather than divisible coverage for a single contract holder, as required under Public Health Law § 2807-t (7). This lawsuit then followed.
Discussion
The plaintiffs first cause of action alleges that the Department’s position is inconsistent with the language contained in Public Health Law § 2807-t (7). It is well settled that an agency’s construction and interpretation of its own regulation and of the statute under which it functions is entitled to the “greatest weight.” (Tommy & Tina v Department of Consumer Affairs, 95 AD2d 724 [1st Dept 1983].) Thus, where, as here, an agency applies its special expertise in a particular field to *712 interpret statutory language, its construction should be upheld so long as it is rational. (See, Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102 [1997].)
Applying this standard, the court agrees with the plaintiff that the defendants’ interpretation of the phrase “single contract holder” is irrational. According to defendants, the contract holder within the meaning of the statute must be the party which contracted for the policy directly with the insurer. Since it was the plaintiff and not its individual members who contracted with the insurer and since the pláintiff itself is not covered by two or more insurers, the defendants concluded that apportionment of the GME assessment fee is not permitted. The statute, however, refers to two or more third-party payors who cover a single contract holder. As is the case here, a third-party payor will frequently be the party which, in fact, directly contracted with an insurer for a health benefits policy. Thus, under the defendants’ interpretation, section 2807-t (7) would make little sense because the third-party payor will often be the contract holder. The statute only makes sense if the contract which is referred to thereunder is one between the third-party payor and another party. In this respect, a union member who pays dues in return for which he or she receives, inter alia, health benefits has, in fact, contracted for such benefits with the third-party payor. In this case, the plaintiff and the other union health plans make up two or more third-party payors who, in some instances, cover the same person with whom they have contracted to provide health benefits. It would thus appear that the plaintiff’s arrangement with its members and the other unions satisfies the requirement under the Public Health Law that there be a single contract holder.
Section 2807-t (7) also provides that the GME assessment may be apportioned between two third-party payors only where they cover “separate components” of the insured’s inpatient care benefits. The defendants concluded that health benefits available under the various plans offered by the plaintiff and related unions do not cover separate components. This conclusion is rational. As the plaintiff concedes, its health care benefits and the health care benefits of the other unions entirely overlap. The plaintiff, however, argues that the various union plans nevertheless cover separate components of a joint member’s benefits because the unions have agreed to divide up their responsibilities so that each plan pays a certain percentage of a member’s hospital bills. This argument is without merit. The fact that two overlapping insurers agree to *713 a particular formula for sharing the expenses which each is otherwise entirely responsible for paying does not mean that each covers separate components of the member’s medical bill. To be sure, if an insurer was responsible for the payment of a medical bill up to a certain amount and another insurer was responsible for payment of expenses in excess of this amount, it could be said that each policy covered a discrete portion of the bill and thus constituted a separate component. However, that is not the situation in the present case. The payment of a portion of shared medical expenses does not constitute payment of a separate component of the bill. Since the defendants’ interpretation of the statute is rational, it must be upheld. Accordingly, the first cause of action is dismissed.
In the second cause of action, the plaintiff alleges that the defendants have violated the requirement under the State Constitution (NY Const, art IV, § 8) that all rules be filed with the Secretary of State. The plaintiff asserts that the defendants’ definition of the statutory terms “contract holder” and “separate components” constitutes a “rule” within the meaning of the State Constitution. However, in addition to the State Constitution, the State Administrative Procedure Act sets forth a number of provisions governing the requirement that rules be filed with the Secretary of State. Under the State Administrative Procedure Act, “forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory” are excepted from formal rule-making procedures. (State Administrative Procedure Act § 102 [2] [b] [iv].) Here, the plaintiff’s challenge is to the August 20, 1997 letter in which it was advised of the Department’s interpretation of the relevant statutory language. This interpretation, made at the plaintiff’s request, falls squarely within the State Administrative Procedure Act exception described above. (See, Matter of Burns v New York State Off. of Vocational & Educ. Servs. for Individuals with Disabilities, 233 AD2d 781, 782-783 [3d Dept 1996].) Accordingly, the second cause of action is dismissed since the challenged determination was merely an explanatory or interpretive statement and, as such, did not constitute a rule which the Department was required to file.
Finally, in its third cause of action, the plaintiff alleges that the defendants’ interpretation of the statute violates the Equal Protection Clause of the State Constitution (NY Const, art I, § 11). Although there is some discussion in the parties’ papers about the purpose served by the statute as it is interpreted by *714 the defendants, neither side has specifically addressed the plaintiffs equal protection claim. Therefore, the court will not resolve the issue until it is so addressed in a motion brought by either side.
The parties shall appear before the court in room 248, 60 Centre Street, New York, New York, on June 1, 1999 at 12:30 p.m. for a status conference. Both sides are granted leave to bring a summary judgment motion with respect to the third cause of action. In the event that such a motion is brought prior to the scheduled date of the conference, the court should be advised and the conference will be adjourned.