# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

65

CA 13-00405

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

PLAZA DRIVE GROUP OF CNY, LLC,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

TOWN OF SENNETT, DEFENDANT-RESPONDENT.

---

CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. MENDILLO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GALBATO LAW FIRM, AUBURN (RICCARDO T. GALBATO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Cayuga County (Thomas G. Leone, A.J.), entered November 21, 2012 in a
declaratory judgment action.  The judgment, insofar as appealed from,
granted that part of the cross motion of defendant seeking to dismiss
the second cause of action.

It is hereby ORDERED that the judgment insofar as appealed from
is unanimously reversed on the law without costs, that part of the
judgment dismissing the second cause of action is vacated and judgment
is granted thereon in favor of defendant as follows:

It is ADJUDGED and DECLARED that the unsigned February
6, 2012 letter is not a binding contract on defendant and is
unenforceable against it.

Memorandum:  As limited by its brief, plaintiff, a local
commercial developer, contends on appeal that Supreme Court erred in
granting that part of defendant's cross motion seeking dismissal of
the second cause of action.  In that cause of action, plaintiff
sought a declaration of the parties' rights and legal relations
pursuant to an unsigned letter dated February 6, 2012 from plaintiff
to defendant, which contained terms relating to the installation of a
duplicate water meter and water meter pit at a shopping plaza
developed by plaintiff.  Plaintiff attached a check to its letter upon
which it noted "water meter pit final," and plaintiff set forth in the
letter that the check was payment for the final balance due to
defendant for the cost associated with the duplicate water meter.
According to plaintiff, defendant's acceptance of the check and
deposit of it constituted an accord and satisfaction of costs
associated with the duplicate water meter and pit and defendant
thereby accepted the terms of the letter, rendering it a binding

contract upon defendant.

We note at the outset that "[a] motion to dismiss [a cause of action seeking a declaration] 'presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration' " (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728).  "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' . . . , a motion to dismiss that cause of action should be denied" (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150; *see St. Lawrence Univ. v Trustees of Theol. Sch. of St. Lawrence Univ.*, 20 NY2d 317, 325).  Where, however, no questions of fact are presented, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action (*see Hoffman v City of Syracuse*, 2 NY2d 484, 487) and, "[u]nder such circumstances, the 'motion [to dismiss for failure to state a cause of action] should be taken as a motion for a declaration in the defendant's favor and treated accordingly' " (*Tilcon*, 87 AD3d at 1150).

Deeming the material allegations of the complaint to be true, we conclude that the allegations in the second cause of action presented a justiciable controversy sufficient to invoke the court's power to render a declaratory judgment (*see North Shore Towers Apts. Inc. v Three Towers Assoc.*, 104 AD3d 825, 827; *DiGiorgio*, 102 AD3d at 728-729).  Furthermore, we are able to determine, as a matter of law, that defendant is entitled to a declaration in its favor (*see Hoffman*, 2 NY2d at 487; *DiGiorgio*, 102 AD3d at 728).  Plaintiff has not alleged that defendant's town board considered or approved plaintiff's unsigned letter agreement as required by Town Law § 64 (6) so as to establish a valid contract.  The unsigned letter therefore does not constitute a valid binding agreement and is unenforceable against defendant.  Contrary to plaintiff's contention, defendant did not ratify the unsigned letter agreement by accepting plaintiff's check (*see generally JRP Old Riverhead Ltd. v Town of Southampton*, 44 AD3d 905, 909).

Plaintiff's alternative contention, i.e., that the parties could not be bound by their prior agreement if defendant was not bound by the letter, is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  March 21, 2014                      Frances E. Cafarell
                                              Clerk of the Court