## Matter of Cerick v New York City Dept. of Bldgs.

2024 NY Slip Op 32569(U)

July 26, 2024

Supreme Court, New York County

Docket Number: Index No. 158941/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**                      PART                          **56M**

_Justice_

----------------------------------------------------------------------------X

In the Matter of

RYAN CERICK,

                                Petitioner/Plaintiff,

                       - v -

THE NEW YORK CITY DEPARTMENT OF BUILDINGS and
THE CITY OF NEW YORK

                             Respondents/Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158941/2023 |
| MOTION DATE | 07/12/2024, 07/12/2024 |
| MOTION SEQ. NO. | 001, 002 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 27, 28, 29, 31

were read on this motion to/for                ARTICLE 78 (BODY OR OFFICER)    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 30, 32

were read on this motion to/for                         DISMISS          .

        In this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff (the petitioner) seeks judicial review of a May 5, 2023 New York City Department of Buildings (DOB) determination denying his application for a Site Safety Manager (SSM) certificate on the ground that he had not commenced and completed the requisite 18 months of training in the 24 months immediately prior to his submission of the application (MOT SEQ 001).  The respondents/defendants (the respondents) oppose the petitioner's request for relief pursuant to CPLR article 78.  In his petition/complaint, the petitioner also seeks a judgment declaring that the DOB's interpretation of 1 RCNY former 104-08(a)(3) effectively established a new, unpromulgated regulation imposing a different deadline for the filing of an application for an SSM certificate than that articulated in the existing regulation and, thus,

[* 1]

violated the New York City Administrative Procedure Act (New York City Charter §§ 1041-1047; hereinafter CAPA). The respondents move pursuant to CPLR 3211(a)(7) to dismiss the declaratory judgment cause of action for failure to state a cause of action (MOT SEQ 002). The petitioner opposes the motion. The petition is denied, the proceeding is dismissed, the respondents' motion is granted, and the declaratory judgment cause of action is dismissed.

New York City Administrative Code (Admin. Code of City of N.Y.) § 28-402.2(4) provides that an applicant for an SSM certificate must have

> "completed an 18 month on-the-job training program working on major buildings as that term is defined in [Admin. Code] chapter 33 under the direct and continuing supervision of a certified site safety manager. Such on-the-job training program shall conform to rules promulgated by the department [of buildings]. The supervising site safety manager shall certify the trainee's satisfactory completion of the training program. In addition, the applicant shall provide proof that, within one year prior to the date of application, he or she has satisfactorily completed a 40-hour course approved by the department [of buildings]."

Additionally, pursuant to 1 RCNY 104-08(a)(2) [former 104-08(a)(3)],

> "[f]or the purposes of satisfying the requirements of paragraph 3.8 of section 28-402.2, an acceptable 18 month on-the-job training program shall consist of successful *completion within two years prior to application* of an OSHA 30-hour safety course and the following: (i) The buildings worked on must have been major buildings; (ii) The work must have been site safety work performed under the direct supervision of a certified site safety manager . . . ; (iii) The trainee must have worked on a paid and full-time basis; (iv) Dated and notarized summaries must have been completed by the certified supervising site safety manager at the end of every month. Such summaries must specify the location and the precise nature of the construction activity the trainee was engaged in at the location for the month covered; (v) The program must include at least four months of training in soil or foundation work, at least four months of training in structural erection"

(emphasis added). This section of title 1 of the RCNY was formally promulgated as a regulation effective December 31, 2014, although 1 RCNY former 104-08(a)(3), which set forth the relevant text, has been renumbered as 1 RCNY 104-08(a)(2) as of May 29, 2024.

The petitioner participated in an on-the-job training program for an SSM certificate under the supervision of Michael Cerick from February 17, 2019 to March 2020, and again from January 11, 2021 to June 13, 2021. He further trained under the supervision of BSI Services

158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL      Page 2 of 11
Motion No.  001 002

2 of 11

[* 2]

and Solutions, Inc. from February 11, 2019 to January 4, 2021, and under the supervision of

The Casa Group, Inc., from April 20, 2020 to June 13, 2021. On November 2, 2022, the

petitioner applied to the DOB for his certificate and for enrollment in the 30-hour OSHA course

In its May 5, 2023 determination denying the petitioner's application, the DOB concluded

that,

> "[a]s a part of your application, you were required to demonstrate completion of a qualifying 18 month on-the-job training program. In support of your application, you submitted an Experience Verification Forms from your employer. You also provided copies of training logs and your Social Security History of FICA Earnings ('SSHE') statement. However, the Department was unable to confirm the qualification of your on-the-job training program, as several of your training logs fall outside of the qualifying timeframe. Specifically, nine (9) of your training logs summarized training which occurred between February 2019 and October 2019, *more than two years prior to your November 2, 2022 application date.* Therefore, the Department was unable to credit your training during this period"

(emphasis added). This hybrid proceeding and action ensued.

The petitioner argued that the DOB's interpretation of the relevant regulation improperly

required an applicant to both *commence and* complete the 18-month training protocol within two

years prior to submission of an application for an SSM certificate and OSHA course, which

would, of necessity, require an applicant to submit an application no more than six months after

completion of the training. He contended that this interpretation of the regulation was irrational

and, hence, arbitrary and capricious. The petitioner argued that the regulation should be

interpreted only to require the *completion* of the training within two years prior to submission of

the application, and that applicants who commenced the training more than two years prior to

submission, but completed it within those two years, should not be disqualified from approval.

The petitioner further asserted that the DOB, in effect, informally and, thus, improperly,

promulgated a new rule in the absence of the publication, notice, and comment procedures

required by CAPA, by implicitly adding the requirement that the training program be both

*commenced and* completed within the two-year window. The DOB rejected those contentions,

158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL          Page 3 of 11
Motion No.  001 002

3 of 11

arguing that its interpretation was rational, and that it did not implicitly promulgate a new rule or regulation subject to CAPA's procedural requirements.

Where, as here, an administrative determination is made, and there is no statutory requirement of a trial-type hearing, that determination must be confirmed unless it is made in violation of lawful procedure, is arbitrary and capricious, or is affected by an error of law (*see* CPLR 7803[3]; *Matter of Adirondack Wild Friends of the Forest Preserve v New York State Adirondack Park Agency,* 34 NY3d 184, 191 [2019]; *Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off*., 33 NY3d 131, 135 [2019]; *Matter of Lemma v Nassau County Police Officer Indem. Bd*., 31 NY3d 523, 528 [2018]; *Matter of McClave v Port Auth. of N.Y. & N.J*., 134 AD3d 435, 435 [1st Dept 2015]; *Matter of Batyreva v New York City Dept. of Educ*., 50 AD3d 283, 283 [1st Dept 2008]; *Matter of Rumors Disco v New York State Liquor Auth*., 232 AD2d 421, 421 [2d Dept 1996]).

A determination must be set aside on the ground that it was made violation of lawful procedure where the decision-making entity fails to follow the procedures articulated in a statute, in a municipal code, in its own rules and regulations, or in a procedural guidebook that it promulgated, and the failure is more than merely technical, but deprives a petitioner of substantive rights and "undermined the integrity and fairness" of the process (*Matter of Kolmel v City of New York*, 88 AD3d 527, 528-529 [1st Dept 2011]; *see Matter of Gonzaque v Helene Fuld Coll. of Nursing,* 2023 NY Slip Op 34313[U], *6, 2023 NY Misc LEXIS 23019, *9-10 [Sup Ct, N.Y. County, Dec. 8, 2023] [Kelley, J.]).  Moreover, where an agency violates CAPA by failing properly to promulgate a rule, its determination will be deemed one that was made in violation of lawful procedure (*see Matter of Udodenko v City of New York*, 5 Misc 3d 207, 210-213 [Sup Ct, N.Y. County 2004]; *see generally Matter of Beginning with Children Charter Sch. v New York City Dept. of Educ.,* 52 Misc 3d 1216[A], 2016 NY Slip Op 51184[U], 2016 NY Misc LEXIS 2893 [Sup Ct, Kings County, Aug. 3, 2016] [publication of a guidebook did not constitute the promulgation of a "rule" within the meaning of CAPA]).

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL**          **Page 4 of 11**
**Motion No.  001 002**

4 of 11

[* 4]

A determination is arbitrary and capricious where it is not rationally based, or has no support in the record (*see Matter of Gorelik v New York City Dept. of Bldgs.*, 128 AD3d 624, 624 [1st Dept 2015]), or where the decision-making agency fails to consider all of the factors it is required by statute to consider and weigh (*see Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 608 [2d Dept 2008]). Stated another way, a determination is arbitrary and capricious when it is made "without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Consequently, an agency determination is arbitrary and capricious where the agency provides only a "perfunctory recitation" of relevant statutory factors or other required considerations as a basis for its conclusions (*Matter of BarFreeBedford v New York State Liq. Auth.,* 130 AD3d 71, 78 [1st Dept 2015]; *see Matter of Wallman v Travis*, 18 AD3d 304, 308 [1st Dept 2005] ["perfunctory discussion"]), provides no reason whatsoever for its determination (*see Matter of Rhino Assets, LLC v New York City Dept. for the Aging, SCRIE Programs*, 31 AD3d 292, 294 [1st Dept 2006]; *Matter of Jones v New York State Dept. of Corrections & Community Supervision*, 2016 NY Misc LEXIS 15778, *1-2 [Sup Ct, Erie County, Jul. 28, 2016]), or provides only a post hoc rationalization therefor (*see Matter of New York State Chapter, Inc., Associated Gen. Contrrs. of Am. v New York State Thruway Auth.*, 88 NY2d 56, 756 [1996]; *Matter of L&M Bus Corp. v New York City Dept. of Educ.*, 71 AD3d 127, 135 [1st Dept 2009]).

"Courts have rarely singled out error of law by name . . . as a question for consideration in an Article 78 proceeding" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7803:1). "The question of whether an administrative agency's determination is affected by an error of law is often implicit in the nature of the grievance, and will often turn on the underlying substantive law applicable to the determination" (*Matter of Held v State of New York Workers' Compensation Bd.,* 2008 NY Slip Op 52741[U], *7, 2008 NY Misc LEXIS 10881, *20-21 [Sup Ct, Albany County, Jul. 7, 2008]; *see also* 14-7803 Weinstein-Korn-

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL**          Page 5 of 11
**Motion No.  001 002**

5 of 11

Miller, NY Civ Prac P 7803.01[3]).   Hence, an administrative determination is affected by an error of law where the agency incorrectly interprets or improperly applies a statute, regulation, or rule (*see Matter of New York State Pub. Empl. Relations Bd v Board of Educ. of City of Buffalo,* 39 NY2d 86, 92 [1976]; *see generally Matter of CVS Discount Liquor v New York State Liq. Auth.*, 207 AD2d 891, 892 [2d Dept 1994]), or where its determination violates some other statutory or constitutional provision (*see Matter of New York State Pub. Empl. Relations Bd v Board of Educ. of City of Buffalo,* 39 NY2d at 93 [Fuchsberg, J., concurring] ["an order which is specifically and expressly forbidden by . . . statute is an error of law"]).

The DOB is empowered by the New York City Charter to

> "enforce, with respect to buildings and structures, such provisions of the building code, zoning resolution, multiple dwelling law, labor law and other laws, rules and regulations as may govern the construction, alteration, maintenance, use, occupancy, safety, sanitary conditions, mechanical equipment and inspection of buildings or structures in the city"

(New York City Charter § 643).  With respect to SSM certificates, and pursuant to that mandate, the DOB published initial rules, updates, and revisions to title 1 of the RCNY in The City Record, Official Journal of the City of New York (the City Record), so that the rules could be promulgated as formal regulations and codified in title 1.  "[U]nder the statutory scheme, "promulgate" means to make known or public" (*Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 96 NY2d 512, 517 [2001]).  By publishing in the City Record, the DOB satisfied the publication requirement.  Nonetheless, "an administrative agency may not, in the exercise of its rule-making authority, promulgate a regulation out of harmony with the plain meaning of the statutory [or code] language" governing the agency (*Festa v Leshen*, 145 AD2d 49, 55 [1st Dept 1989]).  Hence, the court now must look to the text of 1 RCNY former 104-08(a)(3) to determine whether the DOB's interpretation of that rule, in effect, established a new formal rule within the meaning of CAPA §1041(5) in the absence of proper procedure (CPLR 7803[3]), or, even if the DOB did not establish a new rule, the DOB's interpretation nonetheless was arbitrary and capricious or constituted an error of law (*see id.*).

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL          Page 6 of 11**
**Motion No.  001 002**

6 of 11

A "rule," as defined by CAPA §1041(5), "means the whole or part of any statement or communication of general applicability that (i) implements or applies law or policy, or (ii) prescribes the procedural requirements of an agency including an amendment, suspension, or repeal of any such statement or communication." In promulgating 1 RCNY former 104-08(a)(3), the DOB was prescribing a procedural requirement, and in denying the petitioner's application, it was implementing policy. As "[t]he policy is clearly intended for broad application [. . .] [m]andatory procedures and uniform standards of this type have generally been determined to be rules under our precedent" (*Matter of Council of the City of N.Y. v Department of Homeless Servs. of City of N.Y.*, 22 NY3d 150, 154 [2013]). Therefore, the DOB's initial promulgation of 1 RCNY former 104-08(a)(3) in 2014 effectuated the establishment of a rule within the meaning of under CAPA §1041(5).

Nonetheless, an agency's implementation or application of its interpretation of a law, rule, or policy is not itself a rule (*see Matter of Stern v Daines*, 2009 NY Slip Op 32836[U], *17, 2009 NY Misc LEXIS 3670, *25 [Sup Ct, Queens County, Nov. 23, 2009]; *Screen Actors Guild-Producers Health Plan v State of New York Dept. of Health*, 180 Misc 2d 709, 713 [Sup Ct, N.Y. County 1999]). Hence, although the DOB properly promulgated 1 RCNY former 104-08(a)(3) as a rule, it was not required formally to promulgate any particular interpretation of that rule, specifically, its interpretation requiring both the commencement and completion of the 18-month course of training within the two-year window articulated by the rule, by publishing its interpretation in the City Record or by fully complying with the other procedural provisions of CAPA. Consequently, the DOB's determination was not made in violation of proper procedure, and there is no basis for awarding relief to the petitioner on that ground.

Generally, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *cf. Loper Bright Enters. v Raimondo*, 144 S Ct 2244, 219 L Ed 2d 832 [2024] [rejecting doctrine of federal judicial deference to federal agencies' interpretation of statutes and

158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL          Page 7 of 11
Motion No.  001 002

7 of 11

regulations])*. Provided that the agency's "interpretation . . . does not conflict with the promulgated language [and the agency] adopted an irrational or unreasonable construction" thereof, a court would be committing error "in rejecting that interpretation" (*Andryeyeva v New York Health Care, Inc.*, 33 NY3d 152, 164 [2019]). Thus, "[i]n construing the word 'completed' contained in the [code] and regulations, the agency's interpretation of the word is entitled to great deference inasmuch as it is charged with administering the act and regulations; if the agency's interpretation is rational it should be upheld" (*Matter of Ardor Mgt. Corp. v Division of Hous. & Community Renewal of State of N.Y.,* 104 AD2d 984, 987 [2d Dept 1984]).

The DOB's interpretation is founded in the text of the regulation, and supported by public policy. In the first instance, although the word "complete" generally means to finish a task, it is not necessarily limited to the endpoint of the task; it also means "fulfill," and thus could also denote that all efforts devoted to reaching the endpoint of the task were undertaken during a particular period of time. The DOB's interpretation is reasonable because it would be irrational to permit an applicant to separate the required 18 months of training into blocks of time over an indefinite period extending into the past. In this regard, public policy requires that the training must occur in a timely manner to prevent its becoming outdated or irrelevant, as applicable regulations, rules, and guidelines, as well as standards in the building industry referable to site safety management, are subject to continual change. Under the petitioner's interpretation of the subject regulation, the DOB would be required to approve the application of an applicant who began training 20 years ago, engaged in one month of training during each of those 20 years, and completed the final month of training within 2 years prior to submitting his or her application. Although the court recognizes the surface plausibility of the petitioner's reading of the text, inasmuch as the DOB has shown its interpretation to be reasonable, there is no basis upon which the court should compel it to alter its interpretation. This is because "[i]f a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (*Matter of Madison County Indus. Dev. Agency v State of NY Auths. Budget Off*.,

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL**          **Page 8 of 11**
**Motion No.  001 002**

[* 8]

33 NY3d at 135), and the DOB's interpretation does not conflict with the formally promulgated language. This court thus "must defer to [the] administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d at 431). Hence, the DOB's interpretation was neither arbitrary and capricious nor did it constitute an error of law.

The court notes that, had the petitioner applied for his SSM certificate immediately after completing 18 months of training on June 13, 2021, a total of 28 months would have lapsed since he commenced his training in February 2019, making him ineligible for a SSM certificate under the DOB's interpretation of 1 RCNY former 104-08(a)(3). Were the court to apply the general toll on legal filing deadlines established by Governor Andrew Cuomo on March 20, 2020 (see Exec. Order No. 202.8, March 20, 2020) and extended until November 3, 2020 (Exec. Order No. 202.61, October 4, 2020), the petitioner otherwise would have been able to file his application by October 2021, but it still would have been untimely. Inasmuch as the petitioner elected not to submit his application, and thereupon apply for the required 30-hour OSHA safety course, until November 2, 2022, which was more than 18 months after he completed the final day of his training, the DOB had a further basis on which to deny the application as untimely with respect to the two-year window set forth in 1 RCNY former 104-08(a)(3).

In light of the foregoing, the petitioner's request for relief pursuant to CPLR article 78 must be denied, and the petition must be dismissed.

A declaratory judgment action is not an appropriate procedural vehicle for challenging the administrative determination in question, and the matter is properly prosecuted only as a CPLR article 78 proceeding (*see Matter of Potter v Town Bd. of Town of Aurora,* 60 AD3d 1333, 1334 [4th Dept 2009]; *see also Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460, 1461 [4th Dept 2009]; *Rosenthal v City of New York*, 283 AD2d 156, 158 [1st Dept 2001]; *Matter of Schiavone Constr. Co. v McGough*, 112 AD2d 81, 82 [1st Dept 1985]). While denominated a declaratory judgment cause of action by the petitioner, that cause of action essentially

158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL          Page 9 of 11
  Motion No.  001 002

9 of 11

challenges DOB's interpretation of the applicable regulation as violative of lawful procedure for failure to comply with CAPA, a claim properly asserted only pursuant to CPLR 7803(3) (*see generally ABC Radio Network v State Dept. of Taxation and Fin.,* 294 AD2d 213, 214 [1st Dept 2002] ["(T)he essential nature of a proceeding may not be changed . . . merely by denominating it as something other than what is actually is . . . . Although the instant action was denominated as one for a declaratory judgment, it was, in fact, an action cognizable under CPLR 7803(3)"]). Hence, the respondents' motion to dismiss the declaratory judgment cause of action for failure to state a cause of action must be granted (*cf. Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2d Dept 2011], quoting *Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957] [a court may reach "'the merits of a *properly pleaded* cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where 'no questions of fact are presented (by the controversy)'"]). In any event, as explained above, the DOB, in interpreting its existing regulation, did not promulgate a new rule establishing a new deadline for the completion of necessary training, and did not violate CAPA.

Accordingly, it is,

ORDERED that the petition (MOT SEQ 001) is denied; and it is,

ADJUDGED that the proceeding is dismissed; and it is further,

ORDERED that the respondents' motion to dismiss the declaratory judgment cause of action, as set forth in the petition/complaint (MOT SEQ 002), is granted; and it is,

ADJUDGED that the declaratory judgment cause of action, as set forth in the petition/complaint, is dismissed.

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL          Page 10 of 11**
**Motion No.  001 002**

10 of 11

[* 10]

This constitutes the Decision, Order, and Judgment of the court.

_____
**7/26/2024**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| MOTION 1: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 2: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158941/2023   CERICK, RYAN vs. THE NEW YORK CITY DEPARTMENT OF BUILDINGS ET AL**
**Motion No.  001 002**

[* 11]